**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4758**

---

UNITED STATES OF AMERICA,

                                           Plaintiff - Appellee,

    versus

ELOY LUEVANO-AVALOS,

                                       Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-87)

---

Submitted: July 27, 2005          Decided: August 22, 2005

---

Before LUTTIG and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eloy Luevano-Avalos pleaded guilty to illegal reentry of an aggravated felon in violation of 18 U.S.C. §§ 1326(a), (b)(2) (2000).  He was sentenced in August 2004 to twenty-eight months in prison followed by two years of supervised release.  We affirm Luevano-Avalos' conviction but vacate his sentence and remand for resentencing.

On appeal, his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal but addressing the sentence in light of Blakely v. Washington, 542 U.S. 296 (2004).  His initial Anders brief argued that his sentence was imposed in violation of Blakely because, under Blakely, the sentencing guidelines were presumptively unconstitutional and because of the calculation of his criminal history points.  Although Luevano-Avalos was informed of his right to file a pro se supplemental brief, he did not do so.

United States v. Booker, 125 S. Ct. 738 (2005), issued while this appeal was pending, and this court invited the parties to file supplemental briefs in light of Booker.  Luevano-Avalos' supplemental brief argues his sentence violated the Sixth Amendment under Booker, and this error was preserved by his objection at sentencing.  The Government waived its right to file a supplemental brief and conceded that Luevano-Avalos' sentence should be vacated and remanded for resentencing because the sentencing range was

affected by factors other than Luevano-Avalos' prior convictions. The Government cited United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).[1]

We find no Sixth Amendment error in Luevano-Avalos' sentence. He received one enhancement for being previously deported after a conviction for a felony that is a drug trafficking offense for which the sentence imposed was thirteen months or less. See USSG § 2L1.2(b)(1)(B). However, even after Booker, a district court does not commit error by relying on the existence of a prior conviction to support a sentencing enhancement. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Similarly, Luevano-Avalos contends that under the Supreme Court's decision in Blakely (and now Booker), the district court erroneously calculated his criminal history score, as the court had to make factual findings beyond the mere fact of conviction. Luevano-Avalos was assigned one point for his 2001 possession of

---

[1]We note that the "plain error" standard of review employed in Hughes is not controlling in this case because Luevano-Avalos preserved error under Booker for appellate review by lodging a general objection under Blakely at sentencing, unlike the appellant in Hughes.

marijuana for sale conviction and two points because he committed the instant offense while on probation for his prior conviction. The district court's assessment of criminal history points was based on the summary of the conviction in the presentence report, to which Luevano-Avalos lodged no specific objections. In addition, the calculation involved determining only whether Luevano-Avalos was convicted of the prior offense and his status relative to the prior conviction when he committed the instant offense. We therefore find the district court's assessment of criminal history points did not violate the Sixth Amendment.

Finally, our review of the record under Anders requires us to assess whether the district court erred in failing to treat the Guidelines as advisory. As Luevano-Avalos properly raised this issue in the district court by objecting to his sentence based on Blakely, we review for harmless error. The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). The Government did not meet this burden because the district court gave no indication what the sentence would have been had the district court not been bound by the Guidelines.[2] We would have to speculate that the district court's error in thinking

_____

[2]We also note the Government expressly waived its right to file a supplemental brief opposing remand.

itself bound by the Guidelines did not affect the sentence.  In light of <u>Booker</u>, we vacate Luevano-Avalos' sentence and remand for resentencing.[3]  Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>See</u> <u>Hughes</u>, 401 F.3d at 546 (applying <u>Booker</u> on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 546-47.

As required by <u>Anders</u>, we have reviewed the entire record and have found a meritorious issue for appeal. We therefore affirm Luevano-Avalos' conviction but vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and

---

[3]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Luevano-Avalos' sentencing.

- 5 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
